UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 10-84-KKC

IN RE:
BLACK DIAMOND MINING COMPANY, LLC, et al.


THE CIT GROUP/COMMERCIAL SERVICES, INC.,                                PLAINTIFF,

v.     **OPINION AND ORDER**

CONSTELLATION ENERGY
COMMODITIES, GROUP, INC., et al.,                                       DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Withdraw Reference of Adversary Proceeding (DE 1) filed by the Plaintiff. For the following reasons, the Court will deny the motion.

District courts may refer "any or all" bankruptcy-related proceedings to the bankruptcy courts in their district. 28 U.S.C. § 157(a). In the Eastern District of Kentucky, Local Rule 83.12 provides for the automatic referral of most bankruptcy matters to this district's bankruptcy court. Nevertheless, this court may "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on *timely* motion of any party, *for cause* shown." 18 U.S.C. § 157(d)(emphasis added).

The first issue then is whether the Plaintiffs' motion is timely. *See Commercial Financial Services, Inc. v.* Temple, No. 98-01562-R, 98-05166-R, Adv. Proc. 02-0110-M, 2003 WL 22927208, at \*3 (Bankr. N. D. Okla. April 25, 2003)(quoting *In re Mahlman*, 149 B.R. 866, 869 (N.D. Ill. 1993)). Courts have generally defined timely as "as soon as possible after the moving party is aware

of grounds for withdrawal of reference" or as "at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference." *Mahlman*.149 B.R. at 869 (quoting *In re Sevko, Inc.*, 143 B.R. 114 (N.D. Ill. 1992). "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *Id*.

It was the Plaintiff who initiated this action in the bankruptcy court on August 27, 2008. Its motion to withdraw the reference was filed in this Court nearly two years later, on June 25, 2010. In its reply brief, the Plaintiff asserts that its first reasonable opportunity to file this motion was after the bankruptcy judge originally assigned to this action – Judge Howard – recused from this case in February 2010.

The Plaintiff cites no authority for the argument that the recusal of one judge from a case and the case's reassignment to another judge constitutes grounds for withdrawal of the reference. Nor has the Court located any such authority. Thus, this motion filed by the Plaintiff nearly two years after the Plaintiff initiated this action in bankruptcy court is not timely.

Nor does the recusal of Judge Howard from this action and its reassignment to a different judge constitute "cause" justifying withdrawal. The Bankruptcy Code does not define "cause" in section 157(d). Most courts consider several factors to determine whether "cause" exists. These factors include: (1) promoting judicial economy; (2) promoting uniformity in bankruptcy administration; (3) reducing forum shopping and confusion; (4) fostering economical use of the debtor's and creditor's resources; (5) expediting the bankruptcy process; and (6) the presence of a jury demand. *Big Rivers Elec. Corp. v. Green River Coal Co., Inc*., 182 B.R. 751, 754 (W.D.Ky.1995). Some courts have found withdrawal warranted only when there is "compelling cause" or "truly exceptional and compelling circumstances."*In re Washington Mfg. Co.*, 133 B.R. 113, 116

(M.D.Tenn.1991); *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D.Ohio 1990). The moving party has the burden of proving that the reference should be withdrawn. *Holland v. LTV Steel Co., Inc.*, 288 B.R. 770, 773 (N.D.Ohio 2002).

Consideration of the relevant factors does not justify withdrawal of the reference in this action. Although the Plaintiff disputed this in the bankruptcy court, all parties now appear to agree that this is a non-core proceeding. However, all parties also agree that this fact alone does not justify withdrawal of the reference. (DE 3 at 2-3). District courts are permitted to withdraw both core and non-core proceedings. *In re Holman*, 325 B.R. 569, 572 (E.D.Ky.2005).

Further, it appears from the parties' briefs that the bankruptcy court has never determined whether this matter is core or non-core as required under 28 U.S.C. § 157(b)(3) ("[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection"). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *William D. Mundinger Trust v. Lamson & Sessions Co.*, No. 04:07MCO64, 2007 WL 2874695, at *2 (N.D. Ohio Sept. 27, 2007). *See also, In re Angelucci*, No. 09-70-JMH, 2009 WL 798805 at * 4(E.D. Ky. 2009); *Packer Thomas & Co. v. Lamson & Sessions Co.*, No. 4:07mc65, 2007 WL 2886356, at * 2 (N.D. Ohio 2007). If the bankruptcy court has not made the core-non-core determination, this motion is not only untimely, but also premature.

The Plaintiff argues that judicial economy would be served with withdrawal of the reference in this action because, while bankruptcy courts can enter final judgments and orders in core proceedings, they cannot do so in non-core proceedings. 28 U.S.C. §§ 157(b) and (c). Instead, the

bankruptcy court must submit proposed findings of fact and conclusions of law to this Court for *de novo* review. 28 U.S.C. § 157(c)(1); *Marshall v. Marshall*, 547 U.S. 293, 303 (2006).

However, the same could be said of all dispositive rulings in all non-core proceedings in bankruptcy court. This argument "would prevent any non-core matter from every being referred to the bankruptcy court." *In re H & W Motor Express Co.*, 343 B.R.208. 214 (N.D. Iowa 2006)(quoting *In re Ames Dept. Stores, Inc.*, 190 B.R. 157, 163 (S.D.N.Y. 1995). Nor does the Plaintiff's right to appeal to this Court from the bankruptcy court's decision warrant withdrawal of the reference. "[T]his kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency. . ." *In re McBride,* Civ. Act. 1:10MC3498, 2010 WL 1688017 at *2 (M.D. Ala. April 23, 2010).

Further, both parties have already filed motions for summary judgment in the bankruptcy court. Those motions have been fully briefed and submitted to the bankruptcy judge for determination. The Plaintiff states those briefs exceed 200 pages, not including exhibits and affidavits. It would not promote judicial economy to withdraw this matter from the bankruptcy court after the extensive summary judgment pleadings have already been submitted to the bankruptcy judge for consideration. Further, it may well result in further delay and increased costs to the parties.

The Plaintiff does not dispute that it has waived its right to a jury trial. Nor does the Plaintiff dispute the Defendants' assertion that this adversary proceeding implicates the forward contract "safe habor" provisions of the Bankruptcy Code. Thus, the bankruptcy court's resolution of this matter may promote the uniformity of bankruptcy administration.

Leaving aside the issue of whether the Plaintiff's untimely motion was motivated by forum-shopping, a consideration of the other relevant factors does not justify withdrawal of the reference

4

in this matter.

Accordingly, the Court hereby ORDERS as follows:

1) the Plaintiff's Motion to Withdraw Reference of Adversary Proceeding (DE 1) is DENIED;

2) The Clerk shall FILE this Order in this Court and in the U.S. Bankruptcy Court for the Eastern District of Kentucky; and

(3) This matter is STRICKEN FROM THE COURT'S ACTIVE DOCKET and REMANDED to the U.S. Bankruptcy Court for the Eastern District of Kentucky.

Dated this 14th day of December, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge